UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHANEY HENDRIX,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, et al.,<br>Defendants. | Case No. 2:26-cv-00867-DAD-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 27, 32, 38, 41, 48) |

Pending before the Court are the following motions: (1) Defendants State Compensation Insurance Fund ("SCIF") and Donna Reynolds's motion (ECF No. 27) to dismiss the First Amended Complaint ("FAC") (ECF No. 10); (2) Defendant Kaiser Foundation Health Plan, Inc.'s ("Kaiser") motion to dismiss the FAC (ECF No. 32); (3) Defendants California Department of Tax and Fee Administration ("CDTFA") and Jeremiah Oakden's motion to dismiss the FAC (ECF No. 38); (4) Plaintiff's motion for a preliminary injunction (ECF No. 41); and (5) Plaintiff's "Motion to File ADA Accommodation Request and Supporting Documentation Under Seal" (ECF No. 48).[1] Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

the motions upon the record and briefs on file.

For the reasons that follow, the Court recommends GRANTING Defendants' motions to dismiss (ECF Nos. 27, 32, 38) with leave to amend as provided below and DENYING Plaintiff's motion for preliminary injunction (ECF No. 41). The Court also GRANTS Plaintiff's request to seal (ECF No. 48) and GRANTS IN PART and DENIES IN PART Plaintiff's request for accommodations filed under seal.

## I. BACKGROUND

### A. Factual Allegations[2]

Plaintiff brings this action against Defendants CDTFA (aka State Board of Equalization); Jeremiah Oaken, a Tax Administrator with the CDTFA, in his personal capacity; the SCIF; Donna Reynolds, the SCIF Claim Administrator, in her personal capacity; and Kaiser Foundation Health Plan, Inc. (originally sued as "Kaiser Permanente").[3] FAC at 1-2. Plaintiff alleges that on March 20, 2020, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint asserting disability discrimination by her supervisor at the CDTFA. *Id.* at 3. Plaintiff alleges that from 2024 to 2026, she underwent "a series of adverse actions by California State Agencies while engaged in protected activity," including, *inter alia*, stalking, harassment, revocation of her driver's license, and denial of disability insurance claims. *Id.* at 4. Plaintiff alleges that on January 1, 2025, Defendants CDTFA and SCIF "opened a fraudulent workers' compensation claim connected to Plaintiff's (Kaiser Permanente) healthcare provider without consent." *Id.* Plaintiff further alleges that, from 2022 to 2025, unnamed defendants created a false "Apple ID" linked to CDTFA and Plaintiff's medical records and accessed Plaintiff's mental-health and medical records without authorization. *Id.*

---

[2] These facts primarily derive from the FAC, which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] On April 14, 2026, Plaintiff filed a Notice of Errata correcting the name for Defendant Kaiser Foundation Health Plan, Inc. (ECF No. 14.)

Plaintiff alleges that, sometime between January 28, 2026 and February 2026, Defendant CDTFA directed the California Public Employees' Retirement System to garnish Plaintiff's retirement income, "citing a miscalculation from 5 years prior." *Id.*

**B. Procedural Posture**

Plaintiff initiated this action on March 13, 2026. (ECF No. 1.) On April 3, 2026, Plaintiff filed the operative First Amended Complaint.[4] FAC. As best as the Court can tell, the FAC attempts to assert the following causes of action: (1) 42 U.S.C. § 1983, against Defendants Jeremiah Oakden and Donna Reynolds, for violation of Plaintiff's Fourth Amendment, First Amendment, and Fourteenth Amendment rights; (2) unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act,[5] against Defendants CDTFA and SCIF; (3) violation of California's Confidentiality of Medical Information Act, against all Defendants; (4) intentional infliction of emotional distress, against all Defendants; (5) negligence, against all Defendants; (6) violation of 45 C.F.R. §§ 160, 164, against Defendant Kaiser; and (7) identity theft, against unknown defendants. *Id.* at 2, 3, 4-5. The last two causes of action are not expressly enumerated. *See id.* at 2, 3.

For relief, Plaintiff requests compensatory damages, punitive damages, injunctive relief to prohibit "further unauthorized access and garnishment," injunctive relief to prevent "Stalking, Unlawful Surveillance, Harassment and Defamation," and attorney's fees and costs. *Id.* at 5.

On April 30, 2026, Defendants SCIF and Donna Reynolds moved to dismiss the FAC. Defs. SCIF/Reynolds Mot. (ECF No. 27). Plaintiff filed one opposition on May 11, 2026 (ECF No. 33) and a second opposition on May 12, 2026 (ECF No. 36),[6] and

---

[4] The Court disregarded Plaintiff's Second Amended Complaint filed on April 14, 2026 (ECF No. 15) for failure to seek Defendants' written consent or leave of Court as required by Federal Rule of Civil Procedure 15. 4/17/2026 Order (ECF No. 17).

[5] Plaintiff's second cause of action is labeled "Count 2 – Title VII / ADA Retaliation (Agencies)." *Id.* at 4.

[6] Plaintiff filed a Notice of Errata claiming the first opposition was filed with technical issues. (ECF No. 34.) Because Plaintiff's second opposition was still within the period to

Defendants SCIF and Reynolds replied to the second opposition on May 18, 2026 (ECF No. 37).

On May 6, 2026, Defendant Kaiser moved to dismiss the FAC. (ECF No. 32.) Plaintiff filed an opposition on May 12, 2026. Pl. Opp'n to Def. Kaiser (ECF No. 35). Defendant Kaiser replied on May 22, 2026. (ECF No. 39.)

On May 19, 2026, Defendants CDTFA and Jeremiah Oakden moved to dismiss the FAC. (ECF No. 38.) Plaintiff filed an opposition on May 26, 2026. Pl. Opp'n to Defs. CDTFA/Oakden (ECF No. 40). Defendants CDTFA and Oakden replied on June 8, 2026. (ECF No. 43.)

On May 26, 2026, Plaintiff filed a motion for preliminary injunction. (ECF No. 41.) Defendants filed their respective oppositions on June 9, 2026. (ECF Nos. 44 (CDTFA, Oakden), 45 (Reynolds, SCIF), 46 (Kaiser).) Plaintiff replied on June 30, 2026. (ECF No. 51.) Plaintiff's reply brief also included a "consolidated" opposition to Defendants' motions to dismiss. *See id.* On July 17, 2026, Plaintiff filed a "Supplemental Declaration in Support of Pending Motion for Preliminary Injunction and Request to Expedite Hearing." (ECF No. 54.) The Court denied Plaintiff's request to expedite hearing as moot because no hearing was scheduled before the Court. 7/21/2026 Order (ECF No. 55).

On June 22, 2026, pursuant to Local Rule 230(g), the Court vacated the hearings on Defendants SCIF and Donna Reynolds's motion to dismiss, Defendant Kaiser's motion to dismiss, Defendants CDTFA and Jeremiah Oakden's motion to dismiss, and Plaintiff's motion for preliminary injunction. 6/22/2026 Order (ECF No. 49).

On June 17, 2026, Plaintiff filed her "Motion to File ADA Accommodation Request and Supporting Documentation Under Seal." (ECF No. 48.) On June 22, 2026, the Court noted that Plaintiff had not separately submitted the documents she requests sealing pursuant to Local Rule 141(b), and instructed Plaintiff to submit those documents and

---

respond to Defendants SCIF's and Donna Reynolds's motion under Local Rule 230(c), and because Defendants replied to the second opposition without objection on this basis, the Court will consider the second opposition only.

clearly identify which portions that Plaintiff requests sealing. 6/22/2026 Order (ECF No. 50). Plaintiff submitted these documents to the Court by hand on June 30, 2026. (*See* ECF No. 52.)

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Subject Matter Jurisdiction under Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider sua sponte" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

**C. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions

merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

## III. DISCUSSION

Before proceeding to the parties' motions, the Court first addresses Plaintiff's supplemental opposition (ECF No. 51).

### A. Plaintiff's Supplemental Opposition Brief

On June 30, 2026, after briefing was complete on Defendants' motions to dismiss (ECF Nos. 27, 32, 38), Plaintiff filed a combined reply in support of her motion for preliminary injunction and "consolidated" opposition to Defendants' motions to dismiss. (ECF No. 51.) To the extent Plaintiff sought to file a sur-reply to any of Defendants' replies (ECF Nos. 37, 39, 43), Plaintiff did not have a right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). Accordingly, the Court declines to consider Plaintiff's unauthorized supplemental "consolidated" opposition to Defendants' motions to dismiss in its review of Defendants' motions.

### B. Defendants' Motions to Dismiss

In the FAC, Plaintiff appears to assert the following claims: (1) 42 U.S.C. § 1983, against Defendants Jeremiah Oakden and Donna Reynolds, for violation of Plaintiff's Fourth Amendment, First Amendment, and Fourteenth Amendment rights; (2) unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, against Defendants CDTFA and SCIF; (3) violation of California's Confidentiality of Medical Information Act ("CMIA"), against all Defendants; (4) intentional infliction of emotional distress, against all Defendants; (5) negligence, against all Defendants; (6) violation of 45 C.F.R. §§ 160, 164, against Defendant Kaiser; and (7) identity theft, against unknown defendants. FAC at 2, 3, 4-5.

Defendants SCIF and Donna Reynolds move to dismiss the FAC for failure to comply with Federal Rules of Civil Procedure 8 and 9(b), for lack of subject matter jurisdiction, and for failure to state a claim. Defs. SCIF/Reynolds Mot. at 13-22. Likewise,

Defendant Kaiser moves to dismiss the FAC for lack of subject matter jurisdiction, for failure to state a claim, and for failure to comply with Rule 8. Def. Kaiser Mot. at 3-5 (ECF No. 32-1). And similarly, Defendants CDTFA and Jeremiah Oakden move to dismiss the FAC for failure to comply with Rule 8 and for failure to state a claim. Defs. CDTFA/Oakden Mot. at 3-8 (ECF No. 38-1). All Defendants move in the alternative for a more definite statement under Rule 12(e). Defs. SCIF/Reynolds Mot. at 22; Def. Kaiser Mot. at 5-8; Defs. CDTFA/Oakden Mot. at 8-9.

As explained below, the Court agrees with Defendants that the FAC fails to comply with Rule 8 and fails to state a claim under Rule 12(b)(6). The Court also agrees that Plaintiff's state-law claims against Defendants SCIF and CDTFA are barred by Eleventh Amendment immunity. *See* Defs. SCIF/Reynolds Mot. at 14-16; Defs. CDTFA/Oakden Mot. at 6-7. The Court declines to reach Defendants' alternative arguments where the Court finds that FAC fails to comply with Rule 8 and fails to state a claim under Rule 12(b)(6).[7]

1. <u>Eleventh Amendment Immunity</u>

As a threshold matter, Plaintiff's state-law claims for violation of the CMIA (Claim 3), intentional infliction of emotional distress (Claim 4), and negligence (Claim 5) against Defendants SCIF and CDTFA are barred because these defendants are immune from suit under the Eleventh Amendment. Under the Eleventh Amendment, the State of California, including its agencies, is generally immune from federal lawsuits. *See Sato v. Orange Cnty Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) ("It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court."). Pendent state law claims against nonconsenting state defendants in federal court are also barred by the Eleventh

---

[7] Defendants SCIF and Donna Reynolds request the court take judicial notice of certain documents filed with the California Workers' Compensation Appeals Board. (ECF No. 28.) Because the court need not consider the content of those documents to determine Defendants' motions to dismiss, the Court declines to rule on the request for judicial notice.

Amendment in federal court. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

The Court finds that Defendants SCIF and CDTFA are arms of the state for purposes of Eleventh Amendment immunity and therefore are immune from Plaintiff's state-law claims under the Eleventh Amendment. *See Rodriguez v. State Comp. Ins. Fund*, 2006 WL 8458934, at *3 (E.D. Cal. Jan. 9, 2006) ("[A]s a state agency, the State Compensation Insurance Fund is immune from suit under the Eleventh Amendment to the Constitution."); *Clark v. Bd. of Equalization*, 2023 WL 2989040, at *2 (N.D. Cal. Apr. 17, 2023) ("[T]he California State Board of Equalization is a state agency that is immune from suit in federal court."). Although Plaintiff argues that the *Ex parte Young* doctrine applies where Plaintiff seeks prospective injunctive relief, *see* Pl. Opp'n to Defs. SCIF/Reynolds at 4-5 (ECF No. 36), "the *Ex parte Young* exception applies only to state officials, not state agencies." *Gray v. Wash. Dep't of Transp.*, 2024 WL 5001484, at *2 (9th Cir. Dec. 6, 2024), *cert. denied sub nom. Gray v. Wash. State Dep't of Transp.*, 145 S. Ct. 2780 (2025). Accordingly, the Court recommends dismissing Claim 3 (CMIA), Claim 4 (intentional infliction of emotional distress), and Claim 5 (negligence) against Defendants SCIF and CDTFA because amendment would be futile. The Court defers ruling on whether Plaintiff's claims against Defendants Jeremiah Oakden and Donna Reynolds are barred under the Eleventh Amendment because, as explained below, the FAC's allegations against Defendants Jeremiah Oakden and Donna Reynolds in their individual capacity fail to state a claim. *See* Defs. SCIF/Reynolds Mot. at 20; Defs. CDTFA/Oakden Mot. at 7-8.

2. <u>Rule 8 Pleading Requirements</u>

The FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. The FAC fails to allege, with at least some degree of particularity, overt acts by specific defendants which support Plaintiff's claims. *See generally* FAC; *Kimes*, 84 F.3d at 1129. Although Plaintiff raises specific causes of action, Plaintiff fails to provide the factual basis for each claim and does not identify, for

each claim, the particular acts by any specific Defendant related to the issues raised by Plaintiff. *See McHenry*, 84 F.3d at 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In opposition, Plaintiff attaches declarations and exhibits providing additional factual allegations and records. *See* Pl. Opp'n to Defs. SCIF/Reynolds at 6-38; Pl. Opp'n to Def. Kaiser at 5-23; Pl. Opp'n to Defs. CDTFA/Oakden at 5-33. "[I]n ruling on Defendant's motion to dismiss, the Court may not consider the declaration and exhibits that Plaintiff has attached to its opposition, nor may the Court consider the facts that Plaintiff asserts only in its opposition." *Bd. of Trs. of the Bay Area Roofers Health & Welfare Tr. Fund v. Gudgel Yancey Roofing Inc.*, 225 F. Supp. 3d 1106, 1114 (N.D. Cal. 2016); *see also Broam*, 320 F.3d at 1026 n.2. Accordingly, the Court confines its review to the FAC.

In its current form, the FAC fails to provide Defendants with fair notice of the grounds on which each claim rests. The allegations in the FAC are vague, conclusory and fail to provide sufficient specificity to give Defendants notice of Plaintiff's allegations. *See Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of [her] claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."); *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts."). Accordingly, the Court recommends the FAC be dismissed for failure to comply with Rule 8.

3. <u>42 U.S.C. § 1983 (Claim 1)</u>

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271

(1994) (citation modified). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff may not sue a supervisory official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

In the FAC, Plaintiff asserts constitutional violations under the Fourth Amendment, First Amendment (retaliation), and Fourteenth Amendment (due process). FAC at 4.

*a. Fourth Amendment Violation*

Plaintiff alleges that Defendants Oakden and Reynolds's "unlawful access to private medical information" violated Plaintiff's Fourth Amendment rights. FAC at 4. Plaintiff's vague and conclusory allegations are insufficient to establish a violation of the Fourth Amendment. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Further, Plaintiff "has not shown that [her] right to the privacy of [her] medical information . . . is protected by the Fourth Amendment." *Harris v. Combs*, 2024 WL 324513, at *2 (W.D. Wash. Jan. 29, 2024), *appeal dismissed*, 2025 WL 2171135 (9th Cir. Mar. 26, 2025). Therefore, the FAC fails to state a claim for a Fourth Amendment violation.

*b. Fourteenth Amendment Due Process Violation*

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property. U.S. Const. amend. XIV, § 1; *Wolff v. McDonnell*,

418 U.S. 539, 556 (1974). To state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Liberty or property interests may arise from the United States Constitution or from state law. *See Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, creates a constitutionally protected property interest). "For a plaintiff to have a property interest in a benefit . . . . He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, the FAC fails to sufficiently allege a procedural due process claim where its allegations of "deprivation of due process via improper garnishment" are conclusory. *See* FAC at 4; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *Rote v. Comm. on Jud. Conduct and Disability of Jud. Conf. of U.S.*, 577 F. Supp. 3d 1106, 1131-32 (D. Or. 2021) (finding a procedural due process claim failed based on "speculative, conclusory, and unsupported" allegations). Therefore, the FAC fails to state a due process claim.

*c. First Amendment Retaliation*

To state a First Amendment retaliation claim, "a plaintiff must plausibly allege that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary fitness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (citation modified). "A plaintiff must show that the defendant's retaliatory animus was a but-for cause, meaning that the adverse action against the plaintiff would not have been taken absent retaliatory motive." *Id.* (citation modified).

Here, Plaintiff's vague and conclusory allegations regarding "retaliation for whistleblower and EEOC/[Office of Civil Rights] complaints" are insufficient to establish a claim for First Amendment retaliation. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Therefore, the FAC fails to state a First Amendment claim.

*d. Conclusion*

Because the FAC fails to allege a constitutional violation under the Fourth, First, or Fourteenth Amendments, the Court recommends Plaintiff's § 1983 claim be dismissed. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001).

4. <u>Title VII and Americans With Disabilities Act Retaliation (Claim 2)</u>

Plaintiff's second cause of action alleges "CDTFA/BOE and State Fund retaliated against Plaintiff for protected EEOC/ADA activity, including: harassment, and threats of garnishment," in violation of both Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). FAC at 4.

Title VII prohibits employers from retaliating against their employee if the employee "'opposed' a practice Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. & Santa Fe R.R. v. White*, 548 U.S. 53, 59, (2006) (quoting 42 U.S.C. § 2000e-3(a)). "To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). The Ninth Circuit has adopted the Title VII retaliation framework for ADA retaliation claims. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015). A plaintiff must show that "desire to retaliate was the but-for cause of the challenged . . . action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013); *see also Brenneise*, 806 F.3d at 473.

Here, Plaintiff has failed to plead sufficient facts to establish a basis for relief under Title VII or the ADA. The FAC alleges that on March 20, 2020, Plaintiff filed an

EEOC complaint regarding disability discrimination by a supervisor at CDTFA. FAC at 3. The FAC next alleges an incomplete list of "adverse actions" taken by "California State Agencies," including stalking, harassment, the opening of a fraudulent workers' compensation claim, and a notification to the California Public Employees' Retirement System to garnish Plaintiff's income. *Id.* at 4. Plaintiff's vague and conclusory allegations are insufficient to establish a prima facie case of retaliation under either Title VII or the ADA. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Therefore, Plaintiff's second cause of action should be dismissed because the FAC fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

5. Confidentiality of Medical Information Act (Claim 3)

Plaintiff does not specify the provisions of the Confidentiality of Medical Information Act under which Plaintiff's claim is brought. On review of the FAC, it appears Plaintiff alleges violations of Section 56.10 of the CMIA.

California's Confidentiality of Medical Information Act "prohibits the unauthorized disclosure of medical information and the negligent maintenance or preservation of medical information." *Cousin v. Sharp Healthcare*, 702 F. Supp. 3d 967, 974 (S.D. Cal. 2023) (citing Cal. Civ. Code §§ 56.10(a), 56.101(a)). Under Section 56.10 of the CMIA, a provider of health care "shall not disclose medical information regarding a patient . . . without first obtaining an authorization." Cal. Civ. Code § 56.10(a). "Medical Information" is defined as "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan . . . regarding a patient's medical history, mental health application information, reproductive or sexual health application information, mental or physical condition, or treatment." Cal. Civ. Code § 56.05(j)(1). "'Individually identifiable' means that the medical information includes or contains any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the identity of the

individual." *Id.*; *see also Eisenhower Med. Ctr. v. Superior Ct.*, 226 Cal. App. 4th 430, 435 (2014). "To allege a claim under Section 56.10(a) of CMIA, a plaintiff must allege that a defendant performed some 'affirmative communicative act[ ]' in which they 'g[ave] out medical information on a plaintiff' without prior authorization." *Bieber v. Permanente, 2025 WL 2995134*, at *4 (C.D. Cal. Sept. 19, 2025) (quoting *Sutter Health v. Superior Ct.*, 227 Cal. App. 4th 1546, 1554 (2014)).

Here, Plaintiff has failed to plead sufficient facts to establish a claim under Section 56.10 of the CMIA. The FAC alleges that an unnamed defendant "[a]ccessed mental health and medical records without authorization" from 2022 to 2025 and that "Defendants accessed, obtained, and disclosed Plaintiff's medical records without authorization, causing damages." FAC at 4. Plaintiff's vague and conclusory allegations are insufficient to establish a violation of CMIA Section 56.10. See *Bieber*, 2025 WL 2995134, at *4 (holding plaintiff failed to state claim where "Plaintiff's complaint includes no more than the conclusory allegation that Defendants disclosed protected health information without authorization") (citation modified); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Therefore, Plaintiff's claim for violation of the CMIA should be dismissed because the FAC fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

6. Intentional Infliction of Emotional Distress (Claim 4)

To prevail on a claim of intentional infliction of emotional distress under California law, a plaintiff must show: (1) outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. *Agarwal v. Johnson*, 25 Cal. 3d 932, 946 (1979). Conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1983). The defendant's conduct must be directed at, or occur in the presence of, the plaintiff, and defendant must have been aware of the plaintiff's presence. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th

965, 1001-02 (1993).

Here, Plaintiff's claim for intentional infliction of emotional distress is not sufficiently pled. The FAC alleges "Defendants' conduct was extreme and outrageous, causing severe emotional distress." FAC at 5. The FAC does not describe in detail or provide enough facts to show the specific conduct any Defendant engaged in that was outrageous. *See id.* Thus, because the FAC's allegations are vague and conclusory and are not supported by sufficient facts, Plaintiff's intentional infliction of emotional distress claim should also be dismissed for failure to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 12(b)(6).

7. Negligence (Claim 5)

The FAC alleges that "Defendants failed to protect Plaintiff's private medical information and acted without due care." FAC at 5. This conclusory allegation fails to state a negligence claim because there are no facts supporting the negligence elements of duty, breach, or causation. *See* FAC at 5; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988) (to prove a claim for negligence, a plaintiff must show "defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury"). Therefore, Plaintiff's claim for negligence should be dismissed because the FAC fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

8. Claim under 45 C.F.R. §§ 160, 164

Although the FAC does not include any other expressly enumerated claims, Plaintiff appears to allege violations of "45 Code of Federal Regulations . . . Parts 160 and 164, Subparts A, [ ] B, C, and E," against Defendant Kaiser. FAC at 2. These regulations are promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). However, "HIPAA itself does not provide for a private right of action." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). Accordingly, because no private right of action exists under HIPAA, the Court recommends Plaintiff's claim asserted under HIPAA be dismissed without leave to

amend. *See Luouxmont v. Clum*, 2024 WL 1946676, at *1 (N.D. Cal. Apr. 1, 2024).

9. Identity Theft Claim

Finally, Plaintiff appears to assert an unenumerated cause of action for "Identity Theft" based on an unnamed defendant's "[c]reation and use of Apple ID placed on [Plaintiff's] medical file." FAC at 3. To plead a claim for identity theft under California law, Plaintiff must allege a defendant "willfully obtain[ed]" her "personal identifying information" and used it for "any unlawful purpose." Cal. Penal § 530.5(a); *see also* Cal. Civ. § 1798.93 (providing private right of action to allege identity theft as defined in California Penal Code). Here, the FAC's allegations are vague and conclusory and are not supported by sufficient facts. Therefore, Plaintiff's claim for identity theft should also be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *Ahamed v. Navy Fed. Credit Union*, 2024 WL 1361899, at *4 (S.D. Cal. Mar. 29, 2024).

**C. Plaintiff's Motion for Preliminary Injunction**

Plaintiff's motion for preliminary injunction (ECF No. 41) seeks a preliminary injunction requiring Defendants to

> Cease unauthorized access to, review of, dissemination of, or alteration of Plaintiff's protected medical and administrative records; [ ] Cease use of any unauthorized identifiers . . . connected to Plaintiff's records; [ ] Refrain from relying upon disputed records or classifications in connection with retirement, garnishment, or administrative determinations; [ ] Preserve all electronically stored information . . . relevant to Plaintiff; [and] Identify persons who accessed or modified Plaintiff's protected information during the relevant period.

(ECF No. 41 at 4.)

1. Legal Standards

Plaintiff moves for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 against all Defendants. The standard for issuing a preliminary injunction requires the plaintiff to "establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citation modified).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation modified). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

2. <u>Likelihood of Success on the Merits</u>

The Court examines the first and most important *Winter* element: likelihood of success on the merits. Plaintiff has not demonstrated that she is likely to succeed on the merits of her claims because, as discussed above, the FAC fails to sufficiently plead any claims against any Defendant. *See In re Trotochau v. Bennet*, 2018 WL 6262843, at *3 (C.D. Cal. Feb. 13, 2018) (denying temporary restraining order where pro se plaintiff failed to state a claim); *Hanson v. Hanson*, 2014 WL 587867, at *3 (S.D. Cal. Feb. 14, 2014) (denying temporary restraining order because even when construing pro se complaint liberally, allegations were insufficient to show likely success on the merits). Because the first *Winter* factor of likelihood of success is a threshold inquiry and the most important factor, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird*, 81 F.4th at 1040; *see Apartment Ass'n of L.A. Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 917 (9th Cir. 2021); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). The Court therefore recommends denying Plaintiff's motion for preliminary injunction for failing to establish a likelihood of success on the merits.

**D. Plaintiff's Request to Seal and Accommodation Requests**

On June 30, 2026, pursuant to the Court's order to submit the documents Plaintiff

seeks to file under seal in Plaintiff's June 17, 2026 request to seal (ECF No. 48), Plaintiff submitted to the Court a letter addressed to the "ADA Coordinator" dated June 16, 2026, along with three attached exhibits ("Pl. Accommodation Req."). Although it appears that portions of Plaintiff's submission may not warrant sealing, in an abundance of caution, the Court GRANTS Plaintiff's request to seal (ECF No. 48) as to the documents Plaintiff submitted to the Court on June 30, 2026.

The Court proceeds to address the requests made by Plaintiff in the letter. First, Plaintiff request scheduling adjustments to court hearings so that Plaintiff may take breaks and participate in hearings remotely. Pl. Accommodation Req. at 2. Second, Plaintiff seeks an extension of time "to review documents, file motions, and respond to court proceedings." *Id.* Third, Plaintiff requests "[m]odified communication" including "written instructions, plain-language explanations, or the presence of a support person to assist with comprehension and participation." *Id.* Fourth, Plaintiff requests leave to "step out or receive assistance in the event of a stress-related physical episode." *Id.*

The Court notes that there are no hearings currently scheduled before the Court in this matter and there are no upcoming filing deadlines. Accordingly, Plaintiff's first, second, and fourth accommodation requests are DENIED as moot. Plaintiff may renew these requests should an in-person hearing or new filing deadline be set in this matter.

As to Plaintiff's third request, the Court notes that court proceedings are public unless they are sealed, and members of the public may attend public court proceedings, including designated support persons. No order is needed for Plaintiff's request for a "support person" present during in-person court proceedings. For remote proceedings by video, members of the public may attend by utilizing the public audio line. The Court therefore construes Plaintiff's request for a designated support person to be present during remote court proceedings held by video, and GRANTS Plaintiff's request. The designated support person can appear either physically with Plaintiff by video, or if appearing separately, Plaintiff must provide the designated support person's e-mail contact information to receive Zoom instructions from court staff closer in time to any

remote court proceeding held by video.

Finally, as to Plaintiff's request for "modified communication," it is unclear what Plaintiff is requesting. Accordingly, this part of Plaintiff's request is DENIED.

**E. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones*, 733 F.2d at 649. Leave to amend should be "freely given when justice so requires" absent any declared or apparent reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff should be given leave to amend because it is conceivable that the defects in the FAC can be cured and due to Plaintiff's pro se status. Accordingly, the Court finds it appropriate to grant Plaintiff one final opportunity to amend the FAC to the extent Plaintiff can allege facts that sufficiently plead her claims.

The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize her complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint filed should be titled "Second Amended Complaint." **Plaintiff should not file a Second Amended Complaint until after the district judge rules on these findings and recommendations. The district judge's order will address whether Plaintiff has permission to file a Second Amended Complaint and if leave to amend is granted,**

**the deadline for filing.**

The amended complaint must not require the Court and the defendant to guess at what is being alleged against whom. *See McHenry*, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[ ] to submit." *Id.* at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id.* at 1179. Plaintiff is warned that conclusory and broad allegations are insufficient to meet Rule 8. Further, besides amending to cure the defects in the claims identified above, Plaintiff is not permitted to add any other claims in the Second Amended Complaint.

Plaintiff is informed that the Court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal (ECF No. 48) is GRANTED;
2. The Clerk is directed to file under seal Plaintiff's request for accommodations submitted to the Court on June 30, 2026; and
3. Plaintiff's request for accommodations is GRANTED IN PART and DENIED IN PART as set forth above.

Further, based upon the findings above, it is RECOMMENDED:

1. Defendants State Compensation Insurance Fund and Donna Reynolds's motion to dismiss (ECF No. 27), Defendant Kaiser Foundation Health Plan,

Inc.'s motion to dismiss (ECF No. 32), and Defendants California Department of Tax and Fee Administration and Jeremiah Oakden's motion to dismiss (ECF No. 38) be GRANTED as follows:

a. Plaintiff's claim under 42 U.S.C. § 1983 (Claim 1) is DISMISSED with leave to amend;

b. Plaintiff's claim for retaliation under Title VII of the Civil Rights Act of 1964 (Claim 2) is DISMISSED with leave to amend;

c. Plaintiff's claim for retaliation under the Americans With Disabilities Act (Claim 2) is DISMISSED with leave to amend;

d. Plaintiff's claim for violation of the Confidentiality of Medical Information Act (Claim 3) is DISMISSED with leave to amend as to Defendants Oakden, Reynolds, and Kaiser; and is DISMISSED without leave to amend as to Defendants CDTFA and SCIF;

e. Plaintiff's claim for intentional infliction of emotional distress (Claim 4) is DISMISSED with leave to amend as to Defendants Oakden, Reynolds, and Kaiser; and is DISMISSED without leave to amend as to Defendants CDTFA and SCIF;

f. Plaintiff's claim for negligence (Claim 5) is DISMISSED with leave to amend as to Defendants Oakden, Reynolds, and Kaiser; and is DISMISSED without leave to amend as to Defendants CDTFA and SCIF;

g. Plaintiff's claim under 45 C.F.R. §§ 160, 164 is DISMISSED without leave to amend; and

h. Plaintiff's claim for identity theft is DISMISSED with leave to amend;

2. Plaintiff's motion for a preliminary injunction (ECF No. 41) be DENIED; and

3. After any order adopting these findings and recommendations, Plaintiff be granted sixty (60) days from such order to file a Second Amended Complaint consistent with the Court's order. Failure to timely file an

amended complaint will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, hend.0867.26