UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHANEY HENDRIX,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, et al.,<br>Defendants. | Case No. 2:26-cv-00867-DAD-CSK (PS)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS , GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br>(Doc. Nos. 27, 32, 38, 41, 56) |

Plaintiff initiated this civil action by filing a complaint on March 13, 2026, and proceeds *pro se*. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On September 29, 2026, the assigned magistrate judge the pending findings and recommendations recommending that the defendants' motions to dismiss plaintiff's first amended complaint (Doc. Nos. 27, 32, 38) be granted and that plaintiff be granted leave to file a second amended complaint. (Doc. No. 56.) The magistrate judge also recommended that plaintiff's motion for the issuance of a preliminary injunction (Doc. No. 41) be denied. (Doc. No. 56.) Specifically, the magistrate judge concluded that: plaintiff's state-law claims (claims 4, 5, 6) brought against defendants SCIF and CDTFA were barred because these defendants are immune from suit under the Eleventh Amendment; plaintiff had failed to adequately allege a violation of

the Fourth, First, or Fourteenth Amendments and that her § 1983 claim (claim 1) was subject to dismissal; plaintiff had failed to plead sufficient facts to state a cognizable claim under Title VII or the ADA (claim 3); plaintiff had failed to state a claim upon which relief could be granted for violation of California's Confidentiality of Medical Information Act (claim 3); plaintiff had failed to adequately allege state law claims for intentional infliction of emotional distress (claim 4) or negligence (claim 5); and that to the extent plaintiff was attempting to asserts claims under 45 C.F.R. §§ 160, 164 or for identify theft, as to the former no private right of action exists and as to the latter plaintiff's allegations were insufficient to state a cognizable claim. (*Id.* at 8–17.) As to most of plaintiff's claims the magistrate judge concluded that the granting of leave to amend was appropriate in light of the applicable legal standard. (*Id.* at 20.) As to plaintiff's motion for a preliminary injunction prohibiting defendants from engaging in specified conduct, the magistrate judge concluded that because plaintiff's first amended complaint failed to state a claim upon which relief may be granted, plaintiff had failed to establish her likelihood of success on the merits of any of her claims. (*Id.* at 18.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id*. at 23.) After receiving an extension of time in which to do so (Doc. No. 59), on October 26, 2026, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 61.) Therein, plaintiff appears to argue that she should also be granted leave to amend to assert a claim for violation of medical privacy. (*Id.* at 2–3.) However, as the findings and recommendations state "HIPAA itself does not provide for a private right of action." (Doc. No. 56 at 16) (quoting *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). In addition, plaintiff objects to the recommendation that her motion for a preliminary injunction based upon her violation of medical privacy claim be denied. For the same reason noted above, that objection does not provide a basis upon which to decline to adopt the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The September 29, 2026 findings and recommendations (Doc. No. 56) are ADOPTED IN FULL;
2. The motions to dismiss brought on behalf of defendants State Compensation Insurance Fund and Donna Reynolds (Doc. No. 27), defendant Kaiser Foundation Health Plan (Doc. No. 32), and defendants California Department of Tax and Fee Administration and Jeremiah Oakden (Doc. No. 38) are GRANTED as follows:
    a. Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 (Claim 1) is DISMISSED with leave to amend;
    b. Plaintiff's claim for retaliation brought pursuant to Title VII of the Civil Rights Act of 1964 (Claim 2) is DISMISSED with leave to amend;
    c. Plaintiff's claim for retaliation under the Americans With Disabilities Act (Claim 2) is DISMISSED with leave to amend;
    d. Plaintiff's claim for violation of the Confidentiality of Medical Information Act (Claim 3) is DISMISSED with leave to amend as to defendants Oakden, Reynolds, and Kaiser; and is DISMISSED without leave to amend as to defendants CDTFA and SCIF;
    e. Plaintiff's claim for intentional infliction of emotional distress (Claim 4) is DISMISSED with leave to amend as to defendants Oakden, Reynolds, and Kaiser; and is DISMISSED without leave to amend as to defendants CDTFA and SCIF;
    f. Plaintiff's claim for negligence (Claim 5) is DISMISSED with leave to amend as to defendants Oakden, Reynolds, and Kaiser; and is DISMISSED without leave to amend as to defendants CDTFA and SCIF;
    g. Plaintiff's claim brought under 45 C.F.R. §§ 160, 164 is DISMISSED without leave to amend; and
    h. Plaintiff's claim for identity theft is DISMISSED with leave to amend;
3. Plaintiff's motion for a preliminary injunction (Doc. No. 41) is DENIED;

4. Plaintiff is granted sixty (60) days from the date of this order to file a second amended complaint consistent with the findings and recommendations and this court's order;
5. Plaintiff is forewarned that the failure to timely file a second amended complaint will likely result in the dismissal of this action; and
6. This case is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE